**JIAN XIAN WANG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

No. 04–5657–ag.

United States Court of Appeals, Second Circuit.

Dec. 20, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Aleksander B. Milch, Christophe & Associates, P.C., New York, NY, for Petitioner.

Michael J. Sullivan, United States Attorney for the District of Massachusetts, Gina Walcott–Torres, Assistant United States Attorney, Boston, MA, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN, Hon. ROGER J. MINER, Circuit Judges.

### SUMMARY ORDER

Petitioner Jian Xian Wang, a native and citizen of the People's Republic of China, seeks review of an October 14, 2004 order of the BIA denying petitioner's motion to reopen her removal proceedings. *In re Xiu Jin Wang*, No. A 75 562 539 (B.I.A. Oct. 14, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■   This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). As a preliminary matter, this Court lacks jurisdiction to review a decision of the BIA not to reopen a case *sua sponte* under 8 C.F.R. § 1003.2(a), because such a decision is "entirely discretionary." *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir.2006). Therefore, Wang's argument that this Court should find that the BIA abused its discretion in declining to reopen her proceedings *sua sponte* is without merit.

■   Because Wang filed her motion more than ninety days after the BIA's final order of removal, she was required to show material, changed circumstances in China giving rise to a fear of persecution or torture in order for her motion to be exempt from the timeliness bar. *See* 8 C.F.R. § 1003.2(c)(2), (c)(3)(ii). Because Wang has waived her claim that conditions in China changed such that, if she returned, she would be subject to torture for having left that country by illegal means, the Court will not address it here. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir.2005). Wang argues only that the codification of China's family planning policies in the 2002 Population and Family Planning Law constituted a change in conditions in China. Wang alleges that this new law specifically requires IUD use, quarterly gynecological exams, and abortions of unplanned pregnancies, while failing to invalidate local regulations requiring sterilization, abortion, or IUD implantation. Wang continues to allege that she was sterilized, but she does not explain what punishment she will be subjected to under this law or how the law otherwise affects her. Furthermore, she has not demonstrated how conditions after the en-

actment of the Population and Family Planning Law are any different from conditions before the enactment. Therefore, Wang has failed to show that the enactment of the Population and Family Planning Law either constituted a change in conditions or was material to her asylum, withholding, or CAT claims. For these reasons, the BIA did not abuse its discretion in concluding that Wang demonstrated no material change in conditions in China. *See* 8 C.F.R. § 1003.2(c)(3)(ii).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).